THE STATE, JAMES BRANDS, PROSECUTOR, v. JOHN J. CRAIG AND OTHERS, DEFENDANTS.

A return of the laying out of a public road by surveyors of the highways was amended by striking out an award of damages for lands taken to "the heirs of A B," and inserting in lieu thereof a specific award to each individual owner. *Held,* that such owners had a right to *caveat* and procure a review of the necessity and utility of the road by chosen freeholders, after the original return was received by the county clerk, by taking the steps required by the statute within the time prescribed, and that such right was not revived or renewed by such an amendment to the return.

On *certiorari.*

Argued at June Term, 1886, before Justices SCUDDER and MAGIE.

For the prosecutor, *George A. Angle.*

For the defendants, *L. De Witt Taylor* and *N. Harris.*

The opinion of the court was delivered by

MAGIE, J. Proceedings to lay out a public road in the county of Warren, a branch of which proceedings is now brought before us, have already been twice before this court.

In *Oxford* v *Brands,* 16 *Vroom* 332, the return of the road by the surveyors of the highways was considered and found to

be erroneous in only one particular, viz. : in awarding damages for some land taken to "the heirs of Thomas Craig, deceased," instead of to the owners thereof by name. In accordance with a well-settled practice under the present road acts, the error was held not to invalidate the whole proceedings, but the record was remitted to the court below to enable it to make proper amendments.

In *Craig* v. *Brands*, 17 *Vroom* 521, the amended return was brought here, and the action of the court below which resulted in the amendment was set aside, and the record again remitted to be proceeded on according to law.

The present writ brings before us a *caveat* against recording the return of the road, filed September 15th, 1885 ; an application to the Common Pleas for the appointment of chosen freeholders to review the road, filed the same day ; an order of that court appointing freeholders, made November 24th, 1885, and the return of the freeholders, dated December 18th, 1885.

The original return was filed August 18th, 1880. It was amended after the proceedings were last remitted from this court, and the return, as so amended, was filed September 4th, 1885.

By section 7 of the Road act (*Rev.*, *p.* 995), the time for filing a *caveat* is limited to the fifteen days next succeeding the time when the clerk receives the return. The *caveat* before us was filed within fifteen days from the time the amended return appears to have been filed, but more than five years after the original return was received by the clerk. If the Road act permits the interposition of the *caveat* under the circumstances of this case, the proceedings before us are unassailable, but if not, they are without jurisdiction and void.

When the matter was last before the court, the question now presented was anticipated and it was declared that by the true construction of the Road act, an amended return was to be considered as a new return only with respect to new matter inserted as an amendment and not as respects matter remaining unamended. Upon that construction the court held that

relief by *caveat* or appeal after the amendment of a return could only be accorded to such persons as were, in regard to such relief, affected by the new matter inserted in the return by the amendment, and that an amendment would not operate to revive the right of *caveat* or appeal by persons who had once had that right.

It has not been contended on this argument that these conclusions were erroneous. Upon reconsideration of them, I do not perceive that with respect to their bearing on the case before us, their correctness can be questioned.

But it is now contended that upon the construction thus given to the Road act, the proceedings before us must be sustained. The insistment is that the caveators, who were, in fact, the heirs of Thomas Craig, became parties to the proceeding only by the amendment of the return awarding damages to them individually for their land taken for the road. They urge that until such an award was made, there was no condemnation of their lands.

Admitting the force of this contention, the conclusion sought to be drawn by defendants does not follow. The proceeding in road cases initiated by a *caveat*, is designed to obtain a review of the surveyors' determination as to the necessity of the road. The freeholders, who are the reviewing officers, are to adjudge, not the regularity of the proceedings nor the propriety or justice of the awards for damages, but only the necessity and usefulness of the road. If they adjudge it to be necessary and useful, their adjudication affirms the proceedings ; if they judge it to be unnecessary or injurious, their adjudication annuls the proceedings.

The power to *caveat* and apply for this review is given to every person who shall think himself injured or aggrieved. *Rev., p.* 996, § 8. It is not restricted to persons to whom awards for damages were properly made. The defendants therefore clearly had a perfect right to avail themselves of this proceeding when the original return was filed. The admitted facts show that some of them did avail themselves of the right to review the necessity and usefulness of the road. The

amended return introduced no new matter affecting that subject; what was new in it was only a correct award of damages to them. With respect to the *quantum* of such damages, the defendants may have a right to an appeal. According to the conclusions reached in the previous case, they would have such a right. But whether that be so or not, I am very clear that an amended return, amended only with respect to the assessment of damages, will not revive the right to *caveat* and review the utility of the road, which right every person aggrieved had for the statutory period following the reception by the clerk of the original return.

The proceedings brought up by this *certiorari* must therefore be set aside, with costs.